IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP MORRIS, JR.

        Plaintiff,                 No. CIV S- 00-2794 GEB GGH P

   vs.

ANTHONY NEWLAND, et al.,

        Defendants.         <u>ORDER</u>

_____/

<u>Introduction</u>

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.   Pending before the court is defendants' motion for summary judgment, filed on December 6, 2004.   After being cautioned by the court for having failed to file a timely opposition, by order filed on February 15, 2005, plaintiff filed an opposition on March 14, 2005.

<u>Background</u>

        Plaintiff filed his original complaint on December 26, 2000.  Pursuant to the court's order, filed on May 1, 2001, plaintiff filed a first amended complaint on May 29, 2001. Service was found appropriate for defendants Anthony Newland, Whiteside, S. Cambra, David A. Hepburn, Manuel E. Ortega, Dennis Smith, Lt. R. L. Wells, V. Washington, C. Baldwin, Chavez, J.W. Easter, Fletcher, R. P. Ibarra, E. G. McGee, Miller, C. D. Paul, G. R. Rogers, Sainz, W.J. Walker, and J.R. Weaver.  <u>See</u> <u>Order</u>, filed on June 28, 2002.  Upon defendants'

1

1   motion to dismiss, defendants Whiteside, David A. Hepburn, Manuel E. Ortega, Dennis Smith,

2   Lt. R. L. Wells, V. Washington, C. Baldwin, Chavez, J.W. Easter, Fletcher, R. P. Ibarra, E. G.

3   McGee, Miller, C. D. Paul, G. R. Rogers, Sainz, W.J. Walker were dismissed and plaintiff was

4   granted leave to file a second amended complaint.  See Order & Findings and Recommendations,

5   filed on May 13, 2003, and Order adopting the May 13, 2004 Findings and Recommendations,

6   filed on July 24, 2003.  Plaintiff's second amended complaint was stricken for plaintiff's failure

7   to comply with court orders filed on May 13, 2003, July 24, 2003 and September 9, 2003, with

8   leave granted for plaintiff to file a third amended complaint.  See Order, filed on September 29,

9   2003.

10          The court allowed plaintiff to proceed upon the third amended complaint, filed on

11  October 20, 2003.  See Order, filed on January 23, 2004.[1]  Plaintiff was permitted to proceed at

12  that point primarily because he had named as defendants Warden Anthony Newland, California

13  Department of Corrections (CDC) Director S. Cambra, and Correctional Officer (C/O) J.R.

14  Weaver, those parties against whom he had been allowed to proceed.  However, upon a separate

15  review of the third amended complaint for purposes of adjudicating defendants' pending motion

16  for summary judgment, the conclusion is inescapable that plaintiff's revised pleading is wholly

17  violative of Fed. R. Civ. P. 8.

18          Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts.

19  See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992 (2002).  Complaints are required to

20  set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement

21  of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

22  requires only "sufficient allegations to put defendants fairly on notice of the claims against

23  them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

24

25          [1] In the January 23, 2004 order, the court observed at that time that Edward S. Alameida
    was the CDC Director; currently Jeanne S. Woodford is the Director of the California
26  Department of Corrections.

                                                2

1       Even if the factual elements of the cause of action are present, but are scattered

2 throughout the complaint and are not organized into a "short and plain statement of the claim,"

3 dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178

4 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

5 on what theory, with enough detail to guide discovery" (emphasis added)).  A complaint that fails

6 to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P.

7 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further,

8 "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

9 complaint is wholly without merit," McHenry 84 F.3d at 1179.

10       Plaintiff's third amended complaint in this action illustrates the "unfair burdens"

11 imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and

12 clarity" which "fail to perform the essential functions of a complaint."  McHenry , 84 F.3d at

13 1179-80.  For example, in his case caption, plaintiff identifies his 54-page third amended

14 complaint as one

15

16     "for violation of First Amendment Deprivation to Exercise Religious Freedom, violation of Fourth Amendment Rights to Privacy, violation of Fifth Amendment Physical Injury [sic],

17 violation of Eighth Amendment cruel and unusual punishment and infliction of physical brutality with malicious intentions, illegal

18 disciplinary isolation as an act of reprisal/retaliation, violation of the Fourteenth Amendment's protection against deprivation of

19 liberty without due process, use of excessive force violation of the [Eighth] Amendment, injury as impairment of reputation, personal

20 humiliation, and mental anguish and suffering mental anguish and emotional post-traumatic stress with physical injury, oppression,

21 deliberate indifference of [sic] medical needs...."

22 Plaintiff also identifies the above amorphous conglomeration as his first cause of action.  TAC, p.

23 4.

24       Thereafter, however, despite the veritable potpourri by which plaintiff identifies

25 his putative first cause of action, he proceeds upon a claim he has, in fact, not identified therein,

26 specifically, that defendant Weaver embarked on a conspiracy with other prison staff in

retaliation for his having filed "602's about official corruption in the California State Prison

Solano." TAC, p. 5.  Defendants do not address plaintiff's vaguely articulated conspiracy claims

involving unnamed defendants nor plaintiff's insufficiently supported claims for retaliation by

defendant Weaver.  In the court's order, filed on May 13, 2003, plaintiff's claims of retaliation by

defendant Weaver had been dismissed, and claims related to the filing of "false" disciplinary or

rule violation reports were found to be <u>Heck</u>-barred.  <u>See</u> <u>Order</u> and <u>Findings and</u>

<u>Recommendations</u>,[2] filed on May 13, 2003, pp. 1-15, 16-17.

      Plaintiff was specifically given leave to file an amended complaint setting forth

"colorable First Amendment retaliation and Eighth Amendment cruel and unusual punishment

claims as to defendant Weaver and to attempt to frame a violation of the First Amendment under

RLUIPA by defendants Newland and Cambra and to frame viable injunctive relief claims."  <u>See</u>

September 9, 2003 <u>Order</u>, affirming <u>Order</u> of July 24, 2003, upon reconsideration.[3]  Because

plaintiff has gone so far afield in the third amended complaint, it is unsurprising that defendants

have failed to address plaintiff's claims for retaliation by defendant Weaver in their motion for

summary judgment.  Instead, defendants have focused, to the extent that they could discern them,

on plaintiff's Eighth Amendment claims as to defendant Weaver and his claims of violation of

his rights to the free exercise of religion under the First Amendment and RLUIPA as to all three

defendants.

      Many of the claims (including those related to claims of excessive force and

retaliatory prison transfer) in the operative amended complaint have been improperly resurrected

having been dismissed for plaintiff's failure to exhaust administrative remedies and/or as <u>Heck</u>-

barred in prior orders; others are simply unsupported within the allegations themselves.

Notwithstanding, defendants efforts to ferret out and identify the colorable claims within

---

[2] Adopted by <u>Order</u>, filed on July 24, 2003.

[3] RLUIPA is the acronym for the Religious Land Use and Institutionalized Persons Act of 2000.

1   plaintiff's myriad and rambling allegations, the court will not proceed to adjudicate defendants'

2   dispositive motion.  It is not the responsibility of this court to navigate through plaintiff's

3   frequent digressions and forays into irrelevance and unhelpful disquisitions into history and the

4   law, as well as his naming of parties not at issue within his third amended complaint and

5   resurrecting of dismissed claims, in order to frame his allegations for him.  The undersigned will

6   set forth herein an extended passage from his third amended complaint demonstrating plaintiff's

7   failure to set forth his claims clearly and his seeming inability to abide by prior court orders,

8   seeking to revive dismissed allegations:

> When plaintiff would return from work at the end of the work day he would have to go through a strip shack, where he would be harassed by guards [non-defendants] Lopez, and Hammon, and Hensely, would exchange threats directing them at plaintiff and pointing plaintiff out to other female guards.  They would then direct threat [sic] that if they had ever caught plaintiff in an indecent state they would cause plaintiff harm, most of these threats came from [non-defendant] Correctional [sic] Lopez. These guards are prejudice [sic] and abusive towards male/men living in prison.

> [Defendant] Weaver's actions were stressful to plaintiff when he appeared at the CDC 115 hearing because the [non-defendant] senior hearing officer coached Weaver['s]  statement and he refused to document that Weaver admitted being abusive toward plaintiff on 9/18/98.

> This was a conspiracy with criminal intent to cause plaintiff harm. The treatment ran the gamut from discipline and plaintiff['s] central file, to stalking plaintiff, singling him out for different treatment in prison.  The chronology of escalating discipline and targeting of plaintiff and multiple examples of disparate treatment purposefully directed at plaintiff because of his committed and information in plaintiff's central file.

> Plaintiff offers information on the basis of sexual stereotyping that was a motivating factor in intentionally subjecting plaintiff to a number of adverse actions, and culminating in plaintiff being assaulted.  Plaintiff presents overwhelming evidence that he was more harshly treated [than] other prisoners.

> Plaintiff was singled out fo[r] negative treatment and disciplined for his petty offenses.  Plaintiff was watched more intensely than that [sic] of other male prisoners, and reprimanded for minor infractions.  A jury could easily believe that plaintiff's central file

5

was itself largely a result of discrimination because of repeated incidents of discipline that accumulated over time.  Like the decision to backlog the records with prior alleged misconduct in order to support such conclusions of guilty find[ings].

The impermissible retaliatory motives [] because petitiness [sic] prior history and defiant attitude cited by the senior hearing officer could reasonably [be] attributed to the officer's admitted retaliation.  The disciplinary actions taken against plaintiff were substa[n]tially disproportionate to discipline imposed by the prison in the past.

Plaintiff has evidence that he was chastised for failing to c[o]nform to the role stereotypically taken on by men in prison; the impermissibly cabined view of the proper behavior of men. Plaintiff alleges that his gender motivated the adverse view of his character, plaintiff presents evidence of sexual language and epithets directed to him.  Plaintiff presents evidence that defendant Weaver [] declared an intention on several occasion[s] to "get rid of that punk mother-fucker."  Whether this term is part of the everyday give and take of a warehouse environment or is inherently offensive is not for plaintiff to say [] because a jury could interpret it here to be one piece of evidence among many, a derogatory term indicating sex-based hostility.  In addition, defendant Weaver, and other guards encouraged sex-based epithets []directed at plaintiff by disciplining him for failing to tolerate slurs silently.

Admittedly, plaintiff lives in a rough and tumble and often vulgar environment, but the prevalence of race or sexbased slurs does not excuse them.

Third Amended Complaint, pp. 19-20.

Plaintiff has, in the example above, made sweeping and generalized allegations, largely implicating non-parties, and to the extent that defendant Weaver is named, his allegations with respect to a CDC hearing were dismissed as Heck-barred.  Of course, the lack of specificity as to what hearing may be at issue serves to muddy the issue further.  Plaintiff has been previously informed, inter alia, that "verbal harassment alone is insufficient to state a claim" of retaliation and that "even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself."  See, Order and Findings and Recommendations, filed on May 13, 2003, p. 16, citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) and Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Although defendants have attempted to construct a dispositive motion addressing the gravamen of plaintiff's scattered and disorganized claims, they cannot be said to have fairly been put on notice of the claims on which plaintiff intends to proceed. McKeever v. Block, supra, 932 F.2d at 798. Plaintiff sues for events occurring at California State Prison (C.S.P.)-Solano, although at the time of filing his third amended complaint (TAC), plaintiff was housed at California Correctional Institution-Tehachapi, and he is currently incarcerated at C.S.P.- Los Angeles. The crux of plaintiff's claims against all three defendants appears to be that, as a follower of Islam, his right to the free exercise of his religion under the First Amendment and under RLUIPA was violated by the policy of forced exposure of his naked body to the viewing of female correctional officers (particularly defendant Weaver). He also alleges that defendant Weaver and other unnamed officers at C.S.P.-Solano would find out which inmates were child molesters/rapists and spread the word which targeted the inmates for assaults/attacks by other inmates, and defendant Weaver, mistakenly believing plaintiff was a child molester and/or rapist, spread the false allegation about him. TAC, p. 24. As noted, he also complains of retaliation by defendant Weaver (and others, who are unnamed defendants), but he does not organize or support the allegations with sufficient clarity for defendants to be put on proper notice of such claims. TAC, pp. 5, 17, 19, 23-24, 27, 32.

If the court were to attempt an adjudication of defendants' motion, it would open itself up to the inevitable charge by plaintiff, should the ruling be adverse to plaintiff, that the court had "missed" a claim, missed facts, or simply missed the point. The court is unwilling to undertake the amount of work it would take to adjudicate what it views as plaintiff's serious claims only to be possibly told by a higher court that not all claims had been adjudicated.

The third amended complaint will be stricken and defendants' pending motion vacated. Plaintiff will be permitted one final opportunity to set forth his allegations of violations of his constitutional rights plainly. He shall set forth each constitutional right separately of which he believes defendant Weaver, Newland and/or Cambra has deprived him, and will thereafter set

forth the factual underpinning of each claim of constitutional deprivation by each defendant before moving to the next claim, resisting the temptation to obscure the clarity of the allegations by extended digressions into his philosophical or political beliefs or by quoting individuals such as John Adams, former Justices Brandeis, Holmes, Douglas and other historical figures.  See, for example, TAC, pp. 28-30; 38-42.  In order to support his claim that he is a believer in Islam and a faithful follower, it is unnecessary for plaintiff to include excessively detailed descriptions of his understanding of those Islamic practices which are entirely irrelevant to this case.  Plaintiff must not attempt to raise those claims that have been previously dismissed, such as his claims of excessive force.  TAC, pp. 32-33.  Plaintiff also appears to be attempting to frame a claim of inadequate medical (TAC, pp, 35-37); should he seek to set forth such a claim, he must link it to specific individuals and he must not transmute it into any claim that has been previously dismissed.

In raising a claim of retaliation against defendant Weaver, should he seek to do so in a fourth amended complaint, plaintiff must set forth all the factual allegations (nor conclusions) supporting such a claim together and in a chronological fashion, not scattering them randomly throughout the fourth amended complaint.   Plaintiff must file a fourth amended complaint in conformity with the provisions of Fed. R. Civ. P. 8, within thirty days.  Plaintiff's fourth amended complaint may not exceed 20 pages.  Plaintiff may not append exhibits.  Plaintiff's failure to comply with these requirements will result in a recommendation of dismissal this action.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's third amended complaint, filed on October 20, 2003 is stricken; plaintiff is granted leave to file a fourth amended complaint within thirty days, not to exceed 20 pages in length, nor to include exhibits.  Failure to file a fourth amended complaint in conformity with the requirements set forth by this order will result in a recommendation of dismissal of this action; and

1        2.  Defendants' motion for summary judgment, filed on December 6, 2004, is

2    vacated without prejudice.

3    DATED: 7/6/05

4                                                      /s/ Gregory G. Hollows

5                                                    GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE

6    GGH:009/morr2794.ord

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26